## COMMONWEALTH *vs.* PATRICK HICKEY.

Middlesex.   Nov. 25, 1878. — Jan. 1, 1879.   COLT & MORTON, JJ., absent.

An indictment on the St. of 1875, *c.* 99, charging the defendant in one count with "keeping an open bar," and in another count with "keeping a public bar for the sale of spirituous and intoxicating liquors," but not alleging that the defendant unlawfully sold intoxicating liquors or kept or exposed them for sale, does not sufficiently set forth the offence intended to be charged.

INDICTMENT on the St. of 1875, *c.* 99, in three counts.   The first count alleged that the defendant, on June 24, 1878, at Cambridge, was the holder of a license of the first class under said statute, which license duly authorized and permitted him to sell spirituous or intoxicating liquors to be drunk on the premises described in the license, but which license was granted to and held by him upon the express provision and condition that he should not keep a public bar on said premises; and that he, " being then and there licensed as aforesaid, did then and there unlawfully, wilfully and knowingly, and without any license or authority therefor, violate the provision and condition of his license, by then and there upon the premises described in the license keeping an open bar."   The second and third counts alleged that the defendant, at the time and place above named, " did keep and maintain a public bar," in violation of the condition and provision of his license, for the sale of spirituous and intoxicating liquors.

In the Superior Court, before the jury were empanelled, the defendant filed a motion to quash the indictment, assigning the following reasons therefor: " 1. That no offence known to the law is set forth therein.   2. That if any offence was committed it is not fully and specifically set forth therein."   *Bacon,* J., overruled the motion; the jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. J. McIntire,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

AMES, J.   It is enacted by the St. of 1875, *c.* 99, § 1, that no person shall sell, or expose or keep for sale spirituous or intoxicating liquors, except as authorized in that act.   The licenses which may be granted under the statute are conditional; and in the

case of a prosecution against a person who has had such a license but has violated its conditions, the general averment that he had no license, authority or appointment according to law to make such sale is sufficient to warrant the introduction of evidence of any sale which was unlawful under the statute. *Commonwealth* v. *Fredericks*, 119 Mass. 199. *Commonwealth* v. *Davis*, 121 Mass. 352. The keeping of a public bar for the sale of intoxicating liquors, although it would be of great weight as proof of the offence, is nowhere defined in any statute as of itself constituting the offence. The criminality lies in the unauthorized sale, or in the exposing or keeping for sale, and does not depend upon, nor is it modified by, the circumstance that the place where the offence is committed is a public bar. The objection to the present indictment is that it makes the keeping of the public bar the offence, instead of the unlawful selling, or keeping or exposing for sale. The first count merely charges the keeping of an "open bar," without charging that it was for the sale or exposure for sale of intoxicating liquors. The remaining counts aver that he kept a "public bar" for the sale of such liquors, but the offence described is still the keeping of the bar, rather than their sale, or the keeping or exposing of them for sale. It is an indirect, argumentative and circuitous way of charging the offence, instead of setting it forth "fully and plainly, substantially and formally," as required by the Constitution.

It is true that by section 13 of the statute, it is provided that any person convicted of a violation " of any of the provisions of his license or of this act " shall be punished; but we do not understand this section to create or define any new offence. It means merely that any person so convicted, having had a license which he has violated, shall, in addition to the general penalty of fine or imprisonment, be punished by a forfeiture of his license, and a disqualification for a limited time to receive a new license. The violation of the conditions of the license can only be by some unlawful or unauthorized act, that is to say, by the sale, or the keeping or exposing for sale, of intoxicating liquors. To keep a public bar for the sale of articles other than intoxicating liquors is not an offence. To keep such liquors for sale is an offence, whether at a public bar or not. If the defendant sold such liquors, in violation of the terms of his license, the

license goes for nothing, and it is simply a case of unlawful sale under the first section of the act. The indictment now before us, instead of directly and explicitly charging the offence of an unlawful and unauthorized keeping or exposure for sale, selects some of the circumstances attending the transaction as if they were the offence itself, and this we think was not the intent of the statute. It nowhere makes the direct averment that the defendant sold intoxicating liquors, or kept or exposed them for sale.                              *Exceptions sustained.*