HARRY W. RAFFERTY *vs.* POLICE COMMISSIONER OF BOSTON.

Suffolk.    March 16, 1927. — April 5, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, & SANDERSON, JJ.

*License.   Boston,* Police commissioner.   *Certiorari.*

Under Sts. 1906, c. 291, § 10; 1909, c. 221, the police commissioner of the city of Boston has power, without notice or hearing, to suspend and make inoperative for an indefinite period a hackney carriage license, previously granted by him, stating as the ground for his action refusal by the licensee to obey lawful orders of a police officer and a report that the licensee had been "skinning" contrary to warnings by officers. Following *Burgess* v. *Mayor & Aldermen of Brockton,* 235 Mass. 95.

*Whether* a petition for a writ of certiorari was the proper remedy to be resorted to by the licensee to review the action of the commissioner above described was not determined.

PETITION, described in the opinion, filed in the Supreme Judicial Court for the county of Suffolk on November 11, 1926, for a writ of certiorari.

The petition was heard by *Wait,* J., who ordered it dismissed.   The petitioner alleged exceptions.

*W. N. Osgood,* (*R. Swartz* with him,) for the petitioner.

*H. Parker,* (*E. H. Hewitt* with him,) for the respondent.

RUGG, C.J.    This is a petition for a writ of certiorari. Its object is to quash the suspension of several licenses granted by the respondent to the petitioner on July 1, 1926, to drive hackney carriages.   The return of the respondent shows that such licenses on October 21, 1926, were suspended and made inoperative for an indefinite period without hearing, because of refusal by the petitioner to obey lawful orders of a police officer, and because it had been reported that the petitioner had been "skinning" contrary to warnings by officers. Notice thereof was given on that day to the petitioner.

The power is conferred upon the respondent by St. 1906, c. 291, § 10, as amended by St. 1909, c. 221, to grant such licenses and to suspend and make inoperative the same for such period as he may think proper "for any cause deemed satisfactory to him and without a hearing."

If it be assumed in favor of the petitioner that certiorari is an appropriate remedy, but without so deciding, it is plain that he is not entitled to relief. The stated grounds for revocation of the licenses appear reasonable. There is nothing to betoken the exercise of arbitrary power by the respondent. The petitioner is wholly dependent for his rights and privileges upon the terms of the statute under which his licenses were issued. Every issue raised by the petitioner is concluded against him by the decision in *Burgess* v. *Mayor & Aldermen of Brockton*, 235 Mass. 95, where the subject is discussed at large with full review of authorities. See, also, *New York, New Haven & Hartford Railroad* v. *Deister*, 253 Mass. 178, 180, and *Barrows* v. *Farnum's Stage Lines, Inc.* 254 Mass. 240, 242.

*Exceptions overruled.*