COMMONWEALTH *vs.* LEVI WILLCUTT.

Middlesex.    March 14, 1927.— May 18, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*License. Gasoline.*

A city granted a license to conduct a garage of the first class, and "to keep or store volatile inflammable liquid in connection therewith" at a certain location "upon condition that the north and east walls shall not come within 30 feet of the intersection of . . . [two ways], the unoccupied land to be enclosed in a low wall to prevent the passage of automobiles." Over a year later, under G. L. c. 148, § 14, a certificate was issued to a second person of "intention to continue the lawful use and occupancy of the building at . . . [the same location] as a garage of the First class, and for the keeping and storage, use and sale of volatile inflammable liquid in connection therewith." Nearly four months later complaint was made against one conducting a business on the premises, charging that he "did use a structure for the keeping, storage or sale of gasoline without having then and there a license therefor." The defendant set up the license above described in defence. It appeared that no wall had been built in accordance with the requirement that the unoccupied land be "enclosed in a low wall to prevent the passage of automobiles." *Held,* that

(1) The requirement was not unreasonable nor beyond the authority of the board of aldermen of the city;

(2) Since the condition stated in the license was not fulfilled within a reasonable time after its grant, the license afforded the defendant no protection.

COMPLAINT, received and sworn to in the District Court of Newton on December 21, 1926, and described in the opinion.

On appeal to the Superior Court, there was a trial before *Mahoney*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485; 1926, c. 285. Material evidence, rulings by the trial judge, and exceptions saved by the defendant are stated in the opinion. The defendant was found guilty and alleged exceptions which, after the death of *Mahoney*, J., were allowed by *Gray*, J.

*H. B. Ross*, for the defendant.

*R. J. White*, Assistant District Attorney, for the Commonwealth.

CARROLL, J.    The defendant was found guilty on a complaint charging that on November 9, 1926, he "did use a structure for the keeping, storage or sale of gasoline without having then and there a license therefor from the Board of Aldermen of the . . . City of Newton."

On June 24, 1925, a license to conduct a garage of the first class, and "TO KEEP OR STORE VOLATILE INFLAMMABLE LIQUID IN CONNECTION THEREWITH (2,000 Gals. GASOLINE) at No. 966 Washington Street, in the City of Newton" was granted to Lillian A. Cate "upon condition that the north and east walls shall not come within 30 feet of the intersection of Watertown St. and Davis Ct., the unoccupied land to be enclosed in a low wall to prevent the passage of automobiles." On July 16, 1926, in accordance with G. L. c. 148, § 14, a certificate was issued to F. L. Ames of "intention to continue the lawful use and occupancy of the building at No. 966 Watertown Street, in the City of Newton, Mass., as a garage of the First class, and for the keeping and storage, use and sale of volatile inflammable liquid in connection therewith," to expire June 22, 1927.

It appeared that the garage in question was owned by one Goldstein in November, 1926, and the defendant conducted the business as his manager.    In front of the garage there was a tract of land triangular in shape, bordering on Watertown Street and Davis Court.    This space was the unoccupied land mentioned in the license, which was "to be enclosed in a low wall to prevent the passage of automobiles." This condition has not been complied with.    There was evidence upon which the jury could find that in this space in front of the garage a pump had been erected, from which gasoline had been sold.    The judge instructed the jury that the keeping, storing and selling of gasoline in the pumps in the triangular space constituted a keeping and selling from a structure in violation of the statute; that the defendant had no valid, existing permit for the storing, keeping or sale of gasoline.    These rulings were excepted to by the defendant. The defendant's request that the jury be instructed that the permit to erect a garage and to sell gasoline in connection therewith was in its nature a grant which attached to the

land and, when once exercised, runs with the land, was refused. The defendant excepted. The judge charged the jury to the effect that the permit to sell gasoline, issued to the owner of the garage, was a personal permit, "that a license to John Smith isn't a license to John Jones," and "if you find that the defendant hasn't any permit personally the Commonwealth is entitled to a verdict of guilty."

We infer from the record that when the original license was granted the garage had not been erected; and the condition, that the unoccupied land was to be enclosed by a low wall to prevent the passage of automobiles, contemplated that the work of constructing the wall was to be done in the future. This was treated by the judge as a condition subsequent, and the Commonwealth and the defendant agree that this construction is correct. Assuming, but not deciding, that it was such a condition and not a condition precedent, it was self executing. The board of aldermen in granting the license may have thought that the public safety required this wall to be erected. Even if the defendant had a reasonable time within which to build the wall, he could not continue to operate the garage for an unreasonable time thereafter and rely on the license as a defence. The license was granted in June, 1925. In November, 1926, the offence was committed. No excuse is given for such delay, and because of it the license was not a protection to the defendant. See *Hayden* v. *Stoughton,* 5 Pick. 528; *Allen* v. *Howe,* 105 Mass. 241.

We find nothing unreasonable or beyond the authority of the board of aldermen in the restrictions imposed. They were dealing with the sale of gasoline. They had the right to take into account the hazard from fire and the danger to the public if this space were unprotected by a wall. There is nothing in the evidence to show that this condition was legally waived. As the condition stated in the license was not fulfilled within a reasonable time after its grant, it afforded the defendant no protection. We need not, therefore, consider the instructions to the jury to the effect that the license was not attached to the land. *General Baking Co.* v. *Street Commissioners,* 242 Mass. 194. *Hanley* v. *Cook,* 245

Mass. 563.  *Marcus* v. *Street Commissioners*, 252 Mass. 331. Nor is it necessary to consider the ruling that the pump outside the garage was a structure from which the defendant, under the terms of the license, had no right to sell gasoline. See *Small* v. *Parkway Auto Supplies, Inc.* 258 Mass. 30; *Andrew B. Hendryx Co.* v. *New Haven*, 104 Conn. 632, 639–641.

The right to use the building and structures for the sale of gasoline could have been revoked for cause by the board of aldermen, but this fact did not give the defendant the right to operate the garage under a license conditional on the erection of the wall; and the failure to comply with this condition within a reasonable time deprived him of his rights under the license.

*Exceptions overruled.*