SOUTH ESSEX SEWERAGE BOARD *vs.* CARR LEATHER
COMPANY.

SAME *vs.* VERZA TANNING CO.

SAME *vs.* KIRSTEIN LEATHER CO.

Essex.   March 7, 1934. — March 29, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & LUMMUS, JJ.

*Superior Court,* Jurisdiction.   *South Essex Sewerage District.   Equity Jurisdiction,* To enforce sewerage regulation.

The Superior Court has no jurisdiction in equity to enforce a regulation
made by the South Essex Sewerage Board pursuant to St. 1925,
c. 339, § 14.
A provision of such regulation purporting to give to the Superior Court
jurisdiction in equity to enforce it was of no effect.

THREE BILLS IN EQUITY, filed in the Superior Court, the
first two on November 25, 1931, and the third on March 29,
1933.

The bills, and pleas filed by the defendants, are described
in the opinion.   The suits were heard together upon the
pleas by *Pinanski,* J., by whose order the suits were con-
solidated and an interlocutory decree was entered sustain-
ing the pleas.   The judge thereupon reported the decree
for determination by this court.

*G. C. Richards,* for the plaintiff.

*J. J. Ronan,* for Carr Leather Company and another.

*S. Pearl,* for Kirstein Leather Co.   .

LUMMUS, J.   St. 1925, c. 339, created the South Essex
Sewerage District for the construction, maintenance and
operation of sewers in certain cities and towns in Essex
County.   The management of the district was entrusted
to the plaintiff, which, by § 14, was authorized to "make
regulations as to the character of any sewage, drainage or
other wastes discharged into any sewer under its control."
The plaintiff made a regulation forbidding the discharge
of caustic lime into any sewer.   The regulation purported

to give jurisdiction to the Superior Court in equity to enforce that regulation by injunction, but of course it could not do so. The present bills were begun in the Superior Court to restrain the violation of the regulation. Pleas to the jurisdiction were sustained, and the cases were reported.

In cases in equity not "cognizable under the general principles of equity jurisprudence," the Superior Court, as distinguished from this court, has jurisdiction only when a statute expressly confers it. G. L. (Ter. Ed.) c. 214, § 2. *Baldwin* v. *Wilbraham*, 140 Mass. 459. *Barker* v. *Mackay*, 168 Mass. 76. The plaintiff argues that the Superior Court has jurisdiction under G. L. (Ter. Ed.) c. 83, §§ 10, 13. But those sections apply only to regulations made by officers of a city or town. See *Cohen* v. *Price*, 273 Mass. 303. We are referred to no statute giving jurisdiction to the Superior Court to enforce in equity the regulation in question. The statute creating the plaintiff, St. 1925, c. 339, merely provides, in § 20, that "The supreme judicial court shall have jurisdiction in equity to enforce the provisions of this act."

> *Decrees sustaining pleas affirmed.*
> *Bills dismissed.*