WHITE FUEL CORPORATION *vs.* BOARD OF STREET COMMISSIONERS OF THE CITY OF BOSTON.

Suffolk. January 11, 1935. — January 29, 1935.

Present: RUGG, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*License,* For the storage and sale of petroleum products. *Notice. Certiorari.*

It *was stated* that a writ of certiorari to quash action by a board revoking a license would not be issued even if such action was without authority, if it appeared that the license so ordered revoked was invalid.

A license for the keeping, storage and sale of certain products of petroleum in a building or structure in Boston, granted under G. L. (Ter. Ed.) c. 148, § 13; St. 1932, c. 22, § 1, was not invalid merely because the seven days' notice of the hearing on the application therefor, required by the statutes, was not given before the date originally set for the hearing, where it appeared that such notice was given before a later date on which the hearing was held.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on March 22, 1934, for a writ of certiorari.

The petition was heard by *Field,* J., upon an agreed

statement of facts. Material facts are stated in the opinion. The single justice ordered the writ to issue. The respondent alleged exceptions.

*H. M. Pakulski*, Assistant Corporation Counsel, for the respondent.

*E. A. Counihan, Jr.*, (*G. A. McLaughlin* with him,) for the petitioner.

Lummus, J.   After a public hearing, first set for February 13, 1933, but continued to, and actually held on, February 28, 1933, the petitioner was granted a license by the respondent board for the keeping, storage and sale of certain products of petroleum in a building or structure in Boston. G. L. (Ter. Ed.) c. 148, §§ 1, 13. St. 1932, c. 22, § 1. On March 1, 1933, that action was approved by the mayor, and on March 23, 1933, the license was issued. On April 20, 1933, without notice, hearing or cause, and therefore admittedly without authority in the statutes cited, the respondent board voted to revoke the license. See *General Baking Co.* v. *Street Commissioners*, 242 Mass. 194; *Revere* v. *Riceman*, 280 Mass. 76.

At the hearing upon this petition for a writ of certiorari to quash the attempted revocation, the respondent board relied on the defence, set up in their return (*Byfield* v. *Newton*, 247 Mass. 46, 53), that the license itself was invalid for failure to give notice of the hearing "by publication, not less than seven days prior thereto, in a newspaper," as required by the statutes cited. See *Roman Catholic Archbishop of Boston* v. *Board of Appeal of Boston*, 268 Mass. 416. Compare *Marinelli* v. *Board of Appeal of Boston*, 275 Mass. 169, 173; *Morrison* v. *Selectmen of Weymouth*, 279 Mass. 486, 491. If well founded in fact, that was a valid defence. If the license was invalid, the board had power to correct the records by showing its invalidity. Even though, treated as a revocation, the vote of April 20, 1933, was not based on proper notice, hearing or cause, the court in its discretion would not issue a writ of certiorari for the futile end of quashing the attempted revocation of a license already invalid. See *Ward* v. *Aldermen of Newton*, 181 Mass. 432. The validity of the license, thus a material issue, was by

agreement of the parties the only issue presented to the single justice.   When he ordered "that the proceedings purporting to revoke the license be quashed" (*Mullen* v. *Board of Sewer Commissioners of Milton*, 280 Mass. 531, 537, 538; *Phillips* v. *Board of Appeals of Springfield*, 286 Mass. 469, 472), the implication is that he ruled that the license was valid.

That ruling was right.   Although there was no sufficient notice by publication before the date first set for the hearing, there was such notice before the actual hearing.   Such notice was given by the clerk of the respondent board, and a previous order of the board for notice was not required by the statute.   Compare *Kane* v. *Board of Appeals of Medford*, 273 Mass. 97, 102, 103.

*Exceptions overruled.*