CITY OF BOSTON *vs.* WHITE FUEL CORPORATION.

Suffolk.    January 9, 1936. — April 6, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*License*, For the storage and sale of petroleum products. *Res Judicata. Certiorari.*

A certificate of use and occupancy, purported to be given under the provisions of G. L. (Ter. Ed.) c. 148, § 13, cannot extend the rights granted by a license issued under that statute for a building not built and in use on the date of the expiration of the license.

Failure of a licensee under G. L. (Ter. Ed.) c. 148, § 13, to build and use the licensed structure before the expiration of the license on the following April 30 was not excused by pending appeals of abutters to the fire marshal, by litigation, or by the risk involved in making large expenditures on an uncertainty.

A decision by this court upon a writ of certiorari, ordering quashed action by the street commissioners of Boston revoking a license issued under G. L. (Ter. Ed.) c. 148, § 13, did not bar on the ground of *res judicata* a suit in equity by the city of Boston to restrain the licensee from operating under such license after its expiration.

BILL IN EQUITY, filed in the Superior Court on July 17, 1935.

The suit was heard on an agreed statement of facts by *Collins*, J., who made an order for a decree dismissing the bill. Final decree was entered by order of *Gray*, J., in accordance with the first order. The plaintiff appealed.

*W. F. Henneberry*, Assistant Corporation Counsel, for the plaintiff.

*E. A. Counihan, Jr.*, (*G. A. McLaughlin* with him,) for the defendant.

QUA, J. The agreed statement of facts upon which this cause was heard in the Superior Court shows the following: In 1931 a license was granted for the keeping, storage and sale of twelve thousand barrels of fuel oils on premises now owned and occupied by the defendant at 888 East First Street, in Boston. G. L. c. 148, § 13, as inserted by St. 1930, c. 399. The right thus acquired has been kept alive

since that time by the actual use by the defendant as occupant, "pursuant to the authority granted by said license," of a tank having a total capacity of thirteen thousand five hundred thirteen barrels, and by the annual registration with the fire commissioner of a certificate of such use and occupancy as provided by the statute. On March 1, 1933, the licensing authority duly voted to grant to the defendant a second license for the "keeping, storage and sale of Range and Fuel Oil 80,000 bbls. add'l in tanks in the Building or Structure at 888 East First Street . . . ." When this second license was granted, the only structure on the premises was the tank having a capacity of thirteen thousand five hundred thirteen barrels in which the defendant already had the right to store twelve thousand barrels. No new structure was erected after the granting of the second license until March, 1935, when the defendant installed a new one thousand gallon tank. No further licenses have been granted. The defendant, however, has endeavored to keep alive the right granted by the second license by tendering each year to the fire commissioner a certificate of use and occupancy under that license.

The defendant now contends that it has a right to construct and to use for storage new tankage to the total capacity of the eighty thousand additional barrels allowed to it by the second license. The plaintiff seeks to restrain such use. It is agreed that the sole issue is whether the defendant may use for the keeping, storage or sale of range and fuel oils any structure at 888 East First Street other than the tank having a capacity of thirteen thousand five hundred thirteen barrels which was in existence when the second license was granted.

The statute itself, now G. L. (Ter. Ed.) c. 148, § 13, compels a negative answer to this question. It is expressly provided therein that "Every license issued hereunder shall expire on April thirtieth following the date of issue . . . ." It is further provided "that any building or other structure once used under a license . . . may be continued in such use from year to year if the owner or occupant thereof shall annually, on or before April thirtieth,

while such use continues, file for registration . . . a certificate reciting such use and occupancy . . . ." The second license expired on April 30, 1933. Although it has been held that a license may be granted under this section to apply to structures not yet erected, *Morrison* v. *Selectmen of Weymouth*, 279 Mass. 486, 492, no certificate of use and occupancy can extend the rights granted beyond the April 30 next following the date of issue as to any structure not built by that time. A structure not yet built has not been "once used under a license," nor does "such use" continue at the time of filing the certificate. Every licensee takes the chance, either of being able to use and occupy his structure for the purposes of the license before the next succeeding thirtieth day of April or of being able to renew his license as of that date.

The defendant is not helped by its contention that construction work was delayed by appeals to the State fire marshal, by litigation arising out of an attempted revocation of the license by the licensing authority, and by the risk which the defendant would incur if it proceeded to expend the substantial sums necessary for so large an installation without certainty that its rights would be permanent or when it might be impossible to carry the construction to a stage which would permit of actual use before the license would expire by the statutory limitation. There is serious doubt whether the appeals to the fire marshal in this instance were taken within the time allowed by said § 13; but however this may be, and whatever effect, if any, such an appeal may have upon the right of the licensee actually to exercise the privilege of the license, the last sentence of the section, by which it is provided that if in the opinion of the marshal a fire or explosion hazard would result, "he shall notify the authority granting the license, who shall forthwith revoke the same," shows that the license is regarded as in existence pending the appeal, so that the time limitation is applicable to it notwithstanding the appeal. The statute is plain and controlling. *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145, 148. If there is force in the defendant's argument that the statute imposes a hard-

ship upon an investor in a new enterprise, that argument should be urged elsewhere. See *Burgess* v. *Mayor & Aldermen of Brockton*, 235 Mass. 95, 101; *Newcomb* v. *Board of Aldermen of Holyoke*, 271 Mass. 565.

The decision of this court in *White Fuel Corp.* v. *Street Commissioners of Boston*, 289 Mass. 337, is not *res judicata* in favor of the defendant as to the question raised in this suit. That case was a petition for a writ of certiorari brought by the present defendant to quash the action of the street commissioners in purporting to revoke the second license on April 20, 1933. We pass without discussion possible difficulties as to the identity or privity of the parties. See *Byfield* v. *Newton*, 247 Mass. 46, 52; *Harrison* v. *Fall River*, 257 Mass. 545. The primary issue in the former case was whether the attempted revocation on April 20, 1933, was valid. The court ordered the revocation quashed. As a secondary issue the court also determined that the license was valid when originally granted. How long after April 20, 1933, the rights conferred by it continued in force, or when it expired, which is the issue in the present suit, was not involved and was not decided. The issues necessarily raised in the former action related only to errors of law disclosed upon the face of the return. *Newcomb* v. *Aldermen of Holyoke*, 271 Mass. 565, 567. But as the issuance of the writ of certiorari is discretionary, respondents may be permitted to show reasons outside the official record of the inferior tribunal which might cause the justice in the exercise of his discretion to refuse the writ. *Ward* v. *Aldermen of Newton*, 181 Mass. 432. *Rutland* v. *County Commissioners*, 20 Pick. 71. *Gleason* v. *Sloper*, 24 Pick. 181. *Mendon* v. *County Commissioners*, 5 Allen, 13. *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206, 214. *Byfield* v. *Newton*, 247 Mass. 46, 53. Perhaps under this principle the street commissioners in the certiorari proceeding might have been permitted to show, as a reason for not issuing the writ, that the licensee had lost its rights in any event through lapse of time. This does not mean, however, that an order quashing the proceedings of the board is an adjudication

as to all such discretionary matters which might have been, but were not, called to the court's attention. Nor would such claim of loss of rights have been a true defence to the petition for certiorari in the sense that the respondents therein could set it up and demand a decision upon it as of right. A party is bound by the result of previous litigation only as to matters which were in fact decided and as to matters which as of right he was entitled to have decided. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 46. *Sandler* v. *Silk,* 292 Mass. 493, 498. The matter of the loss by lapse of time of the rights conferred by the second license does not fall within either category.

Under the agreement of the parties, we are not called upon to determine whether the second license may not have had the effect of enlarging the amount of oil allowed to be stored in the existing tank having a capacity of thirteen thousand five hundred thirteen barrels from the twelve thousand barrels allowed by the first license to the full capacity of the tank, and whether the certificates of use and occupancy which have been tendered have kept that right alive for the defendant's benefit.

The final decree must be reversed, and a decree must be entered for the plaintiff for the relief prayed for, except as to the tank last mentioned.

*Ordered accordingly.*