GOLDIE SAXE *vs.* STREET COMMISSIONERS OF BOSTON.

Suffolk.   October 10, 1940. — December 2, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*License.   Petroleum Products.   Gasoline.*

A license to keep, store and sell gasoline and other inflammable products on certain land, although revived under the provisions of G. L. (Ter. Ed.) c. 148, § 13, as appearing in St. 1936, c. 394, § 1, was merely a personal privilege until exercised by use of the land for such purposes, and until then could not be assigned nor transferred, and did not pass to a grantee of the land.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on January 23, 1940, and transferred to the Superior Court.

After a hearing by *Greenhalge,* J., the petition was ordered dismissed.  The petitioner alleged exceptions.

*H. Singer,* for the petitioner.

*K. Hern,* Assistant Corporation Counsel, for the respondents.

RONAN, J.   This is a petition for certiorari to quash the proceedings of the respondent board on December 7, 1939, revoking a license to keep, store and sell gasoline and other inflammable products upon certain premises in South Boston.   The petitioner purchased the premises on August 22, 1939, from Robert A. Grimes and Genevieve M. Grimes to whom the board, in 1933, granted said license. The petitioner alleges that the license has since continued in force and effect by virtue of the annual filing by her predecessors in title of a certificate of registration and by the reinstatement of said license by the fire marshal on April 27, 1937.   The return of the respondents shows that, upon a petition of one Powers and after notice and a public hearing, the board voted to revoke the license, as it had been represented that "there has been no use or occupancy of the premises under the said license."   The revocation was approved by the mayor of Boston.   The petitioner and interested parties were notified of the revocation on December 26, 1939.   The petitioner alleged exceptions to an order dismissing the petition and to the denial of requests for rulings.

The license was issued on December 30, 1933, by virtue of G. L. (Ter. Ed.) c. 148, § 13, which prohibited the use of a building for the keeping, storage, manufacture or sale of crude petroleum or any of its products unless a license therefor was granted by the local licensing authority, which, in Boston, is the respondent board by virtue of St. 1909, c. 486, § 28.   *Foss* v. *Wexler,* 242 Mass. 277, 281. Said § 13 at that time provided that "any building or other structure once used under a license . . . may be continued in such use from year to year if the owner or occupant thereof shall annually, on or before April thirtieth, while such use continues, file for registration . . . [if the building or structure is located in Boston] with the fire commissioner, a certificate reciting such use and occupancy . . . . Every license issued hereunder shall expire on April thirtieth following the date of issue, and registrations hereunder shall

be effected on or before April thirtieth to take effect on May first following." Under this statute it was held that if the licensee did not use his premises for the purposes for which the license was issued before the next succeeding thirtieth day of April then the license expired on the last mentioned date and that it could not be extended beyond that date by filing a certificate of use and occupancy. *Boston* v. *White Fuel Corp.* 294 Mass. 258. Thereafter § 13 was amended by St. 1936, c. 394, which substituted a new section for § 13 which, in so far as now material, provided that any license for the keeping, storage, manufacture or sale of certain ,articles including crude petroleum and its products granted prior to July 1, 1936, including any license reinstated and continued, shall remain in force unless and until revoked; that the owner or occupant of the land and the holder of any license, "granted prior to" July 1, 1936, including any license reinstated and continued by the marshal as herein provided "shall annually, on or before April thirtieth, file . . . with the fire commissioner . . . a certificate of registration setting forth the name and address of the holder of such license," and that the "marshal may . . . reinstate and continue in force and effect any license granted prior to July ·first, nineteen hundred and thirty-six, for the keeping, storage, manufacture or sale of . . . [certain articles including gasoline and similar products] irrespective of the extent of the use and occupancy of buildings and other structures made or had under said license prior to the date of such reinstatement and continuance." The license issued to the Grimeses was reinstated by the fire marshal on April 27, 1937.

The principal contention of the petitioner is that, since the 1936 amendment, the continuance of a license is not conditioned upon the use of the premises for the purposes for which the license was issued, and that she is the holder of the license which was in full force and effect when she purchased the land.

The nature of a license issued under G. L. (Ter. Ed.) c. 148, § 13, to keep, store and sell inflammable articles is not merely a personal privilege authorizing the performance

of an act that, without the license, might constitute a nuisance, but it is essentially a grant which, upon the exercise of the license, attaches to the premises described in the license. The license is the means employed to regulate the use of the land in the interests of the public safety. That is the primary function of the license. The holder may at his option exercise the privilege of utilizing the land for the purposes authorized, but until such use is made of the land his license remains a mere privilege which he cannot assign or transfer to another. When, however, the power conferred by the license is executed and the land is used for the purposes stated in the license, then the latter becomes a grant which attaches to and runs with the land. *Quinn* v. *Middlesex Electric Light Co.* 140 Mass. 109. *General Baking Co.* v. *Street Commissioners of Boston,* 242 Mass. 194. *Hanley* v. *Cook,* 245 Mass. 563. *Marcus* v. *Street Commissioners of Boston,* 252 Mass. 331. *Commonwealth* v. *Willcutt,* 259 Mass. 406. *Simon* v. *Meyer,* 261 Mass. 178. *Weiss* v. *Mayor & City Council of Woburn,* 263 Mass. 30.

The Grimeses, the original licensees, never exercised any rights under their license and at no time did they keep or sell the articles described in their license upon their premises. Their license expired on April 30, 1934. We assume in favor of the petitioner that this license was revived by the action of the marshal on April 27, 1937, so that it was again in effect when the petitioner purchased the property on August 22, 1939. In these circumstances, the petitioner contends that the failure of the licensees to use the land for the licensed purposes did not affect the license and that the petitioner acquired it by the purchase of the land. She contends that this follows from the amendment of G. L. (Ter. Ed.) c. 148, § 13, by St. 1936, c. 394. The purpose of St. 1936, c. 394, was to abolish the annual date fixed for the expiration of licenses; to provide for the extension, reinstatement and continuances of licenses issued prior to July 1, 1936, which had lapsed for nonuse on the expiration date of the license, and to provide for the annual extension of the license by filing certificates of registration. The intent

of this legislation was to eliminate a hardship which deprived the licensee of the protection of his license where the use authorized by his license would not reasonably be attained before the date fixed for the expiration of the license. Relief was granted by virtually extending the tenure of the license and by not making its continuance dependent upon the full use of the licensed premises as authorized by the license. But the statute must be reasonably construed, and it is difficult to see how it can be interpreted to authorize the issuance of a license to conduct the business of keeping and selling gasoline and other inflammable fluids which is actually not to commence for several years, when the character of the neighborhood in which the licensed premises are located may be so changed that the maintenance of such a business would constitute a grave menace to the community. If we assume this amending statute permits one to hold a license of this character in suspension for nearly six years before it becomes operative by setting up the authorized business, yet this statute cannot be stressed to authorize the transfer of any rights under this unexecuted license to the petitioner. The statute changed the tenure of the license but it wrought no change in the inherent nature of the license itself. The license continued after the amendment, as it did before, to be a personal privilege until by its exercise it became a grant attached to the land. The petitioner acquired no rights in a license that had never ripened into a grant which ran with the licensed premises. And because it remained only a personal privilege she could acquire no rights by an assignment from the licensees. She shows no proprietary interest in the license. Consequently she has no standing to complain of the revocation of the license. *Commonwealth* v. *Lavery,* 188 Mass. 13. *Hanley* v. *Cook,* 245 Mass. 563. *Weiss* v. *Mayor & City Council of Woburn,* 263 Mass. 30.

The fact that the board recognized her as the holder of the license is immaterial, for her rights are to be determined by the application of correct principles of law to the facts set forth in the return. We make no intimation upon the validity of the action of the board; we decide merely that

she has no right to challenge its action. In the view that we take of the case it is unnecessary to discuss further her exceptions. The petitioner does not show that the respondents have wrongfully interfered with any of her rights. There was no error in dismissing the petition. *McGlue* v. *County Commissioners*, 225 Mass. 59. *Byfield* v. *Newton*, 247 Mass. 46. *Newcomb* v. *Aldermen of Holyoke*, 271 Mass. 565. *Police Commissioner of Boston* v. *Boston*, 279 Mass. 577. *Irwin* v. *Municipal Court of the Brighton District*, 298 Mass. 158. *McDevitt* v. *School Committee of Malden*, 298 Mass. 213.

*Exceptions overruled.*