PETER G. FALLON *vs.* STREET COMMISSIONERS OF BOSTON.

Suffolk.    May 16, 1941. — May 28, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*License. Petroleum. Gasoline. Real Property,* License to store and sell inflammable products.

Failure of the owner or occupant of premises, licensed for the storage and sale of gasoline and other inflammables under G. L. (Ter. Ed.) c. 148, § 13, as appearing in St. 1936, c. 394, § 1, to file seasonably the annual certificate of registration required by the statute was sufficient "cause" for revocation of the license.

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Suffolk on November 22, 1940.

The petition was dismissed by order of *Cox,* J.

*J. J. Flynn,* for the petitioner.

*K. Hern,* Assistant Corporation Counsel, for the respondents.

RONAN, J.   The petitioner was granted a license by the respondent board to keep, store and sell gasoline and denatured alcohol upon certain premises in Boston which were owned or occupied by him.   He failed to file on or before April 30, 1940, a certificate showing the name and address of the holder of the license, but tendered such a certificate, with the proper fee, to the appropriate official, on May 21, 1940, and the latter refused to accept and file it.   The respondent board notified him on May 28, 1940, that a public hearing would be held on June 6, 1940, on the revocation of his license.   Such a hearing was held and the board voted to revoke the license, and notified the petitioner of its action.   The single justice dismissed the petition for certiorari, subject to the exceptions of the petitioner.

The only question raised before the single justice was whether the failure of the petitioner to file, on or before

April 30, 1940, with the fire commissioner, a certificate of registration setting forth the name and address of the holder of the license was a sufficient cause for its revocation. The parties apparently assumed that the license did not expire on April 30, 1940, because of failure to file the said certificate and we deal with the case on that basis, without, however, intimating that the term of the license was unaffected by the nonfiling of the certificate. See *Boston* v. *White Fuel Corp.* 294 Mass. 258; *Saxe* v. *Street Commissioners of Boston*, 307 Mass. 495.

The petition does not allege, and the return does not show, that the petitioner has ever used the premises for the purposes authorized by the license. The license was a personal privilege, which would not attach and run with the land until the privilege conferred had been exercised. *Hanley* v. *Cook*, 245 Mass. 563. *Commonwealth* v. *Willcutt*, 259 Mass. 406. *Saxe* v. *Street Commissioners of Boston*, 307 Mass. 495.

A license granted under G. L. (Ter. Ed.) c. 148, § 13, as amended, to keep, store and sell gasoline is subject to revocation for cause by the licensing authorities, and the right of the licensee to enjoy the privileges conferred by the license is subordinate to the power inherent in the licensing authorities to terminate the privileges whenever there is cause, sufficient in law, for the revocation of the license. *Newcomb* v. *Aldermen of Holyoke*, 271 Mass. 565. *Higgins* v. *License Commissioners of Quincy*, 308 Mass. 142. The exercise of the power is dependent upon the existence of a legal cause. Arbitrary action by the licensing authorities is not justified by the statute nor consistent with natural justice or fair play. *Commonwealth* v. *Moylan*, 119 Mass. 109. *General Baking Co.* v. *Street Commissioners of Boston*, 242 Mass. 194. *Sweeney* v. *School Committee of Revere*, 249 Mass. 525. *White Fuel Corp.* v. *Street Commissioners of Boston*, 289 Mass. 337.

The licensing statute, which was enacted under the police power, *Storer* v. *Downey*, 215 Mass. 273; *St. James Building Corp.* v. *Commissioner of Public Safety*, 260 Mass. 548, expressly provides that "The owner or occupant of said

land licensed as herein provided . . . shall annually, on or before April thirtieth, file with . . . the fire commissioner . . . a certificate of registration setting forth the name and address of the holder of such license." G. L. (Ter. Ed.) c. 148, § 13, as amended. The annual filing of the certificate of registration serves to disclose to the fire commissioner the identity of the holder of the license, and such information will commonly be sufficient to apprise him of the name and address of the person who is using the premises for the purposes for which they were licensed. It may be that the ownership of the land has changed since the license was issued, and the original licensee is no longer interested in conducting the business of keeping, storing or selling gasoline upon the premises. A less reliable and trustworthy person may have become the owner, and the filing of the certificate will prevent him, at least in the eyes of the fire commissioner, from generating an impression gained from appearances that the business is still maintained by the former owner. The name and address of the occupant might not be a matter of record. The certificate is the means employed to enable the authorities to learn who is operating under the outstanding license and to deal with him as the person responsible for the conduct of a business which might, without proper supervision, become a menace to the public safety. The failure to file a certificate might indicate that the use of the premises for the licensed purposes has been abandoned. The absence of the certificate would naturally lead to an inquiry as to whether the license had ceased to be operative. There may be other advantages that accrue to the public welfare from the requirement that the certificate be filed. In any event, it is plain that the certificate is a rational method to aid and facilitate the supervision and regulation of land that is used in conducting a business of a hazardous nature. The violation by a licensee of the conditions of the license or of any laws, rules or regulations governing the conduct of the licensed business has been held to constitute adequate ground for the revocation of a license. *Commonwealth* v. *Hickey*, 126 Mass. 250. *Commonwealth* v. *Hamer*,

128 Mass. 76. *Sullivan* v. *Borden,* 163 Mass. 470. *Burgess* v. *Mayor & Aldermen of Brockton,* 235 Mass. 95. *Rafferty* v. *Police Commissioner of Boston,* 259 Mass. 145. *Morley* v. *Police Commissioner of Boston,* 261 Mass. 269. The acceptance of the license by the petitioner carried with it a duty to file the certificate of registration. The holder of the same kind of a license which has been granted conditionally upon the licensee making certain alterations or improvements upon the premises where the gasoline is to be sold is bound to make such alterations or improvements. The making of such alterations or improvements has been referred to as a condition subsequent to the license and is somewhat analogous to the filing of a certificate of registration. The failure of a licensee to change his premises to conform to the conditions upon which the license was issued is adequate cause for the revocation of the license. We think a failure to file the certificate is also sufficient cause. *Commonwealth* v. *Willcutt,* 259 Mass. 406. *Leach* v. *State Fire Marshal,* 278 Mass. 159.

General principles governing the revocation of licenses to keep, store and sell gasoline have been set forth in our decisions, although none of them dealt with the specific cause on which the present revocation is based. They show the necessity of compliance with the licensing statute for the prevention of a fire hazard. *Marcus* v. *Commissioner of Public Safety,* 255 Mass. 5. *St. James Building Corp.* v. *Commissioner of Public Safety,* 260 Mass. 548. *Standard Oil Co. of New York* v. *Commissioner of Public Safety,* 274 Mass. 155. *Selectmen of Saugus* v. *Mathey,* 305 Mass. 184. *N. V. Handel Industrie Transport Maatschappij* v. *State Fire Marshal,* 305 Mass. 482.

The petitioner was seasonably notified of and attended the hearing before the respondent board. He raised no question before the board concerning the notice, and he does not contend that he was not fully heard on the question of revoking the license on account of the failure to file a certificate of registration. If the notice was insufficient he cannot now complain. The return does not show that he requested specifications or sought any additional infor-

mation. *McAuliffe* v. *Mayor & Aldermen of New Bedford,* 155 Mass. 216, 221. *Mayor of Medford* v. *Judge of First District Court of Eastern Middlesex,* 249 Mass. 465, 471. *Daley* v. *District Court of Western Hampden,* 304 Mass. .86, 93. Compare *Higgins* v. *License Commissioners of Quincy,* 308 Mass. 142.

*Exceptions overruled.*