ADMINISTRATOR OF THE OFFICE OF PRICE ADMINISTRATION *vs.* BENJAMIN J. CHOOK.

Suffolk.   May 15, June 24, 1946. — September 13, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Price Control.   Equity Jurisdiction,* Suspension of license.  *Superior Court,* Jurisdiction.  *Constitutional Law,* State courts, Price control. *Jurisdiction,* Price control, Suspension of license.

A Massachusetts court has no jurisdiction to entertain proceedings of the general character of a certain proceeding which a Federal statute purported to authorize in "any State . . . court of competent jurisdiction," unless such jurisdiction be conferred by Massachusetts law.

The Superior Court has no jurisdiction either "under any statute" or under its general equity jurisdiction to entertain proceedings of the character of a petition under § 205 (f) (2) of the Federal emergency price control act of 1942, as amended, for an order suspending a license granted under § 205 (f) (1) of that act to sell certain commodities and for an injunction against making such sales during the period of suspension.

PROCEEDING, filed in the Superior Court on May 14, 1945.

A demurrer was sustained by *Donahue,* J., who reported the case to this court under G. L. (Ter. Ed.) c. 214, § 30.

*W. B. Sleigh, Jr.,* for the plaintiff.

*J. Kruger,* for the defendant.

WILKINS, J.   This is a proceeding under § 205 (f) of the emergency price control act of 1942 (Act of January 30, 1942, c. 26, 56 U. S. Sts. at Large, 23, 34–35, U. S. C. [1940 ed.] Sup. V, Title 50, Appendix, § 925 [f]), as amended, for an order suspending the defendant's license under that act · to sell meats, poultry, and turkey, and for an injunction against making such sales during the period of suspension. The defendant demurred.   The judge entered an interlocutory decree sustaining the demurrer, but being of opinion that the decree so affects the merits of the controversy that the matter ought, before further proceedings, to be determined by this court, he reported the question for that purpose pursuant to G. L. (Ter. Ed.) c. 214, § 30.

Section 205 (f) (1) of the emergency price control act of 1942, as amended, provides that the price administrator may grant a license as a condition of selling any commodity subject to control under the act. [1]   With respect to suspension of such a license § 205 (f) (2) provides: "(2) Whenever in the judgment of the Administrator a person has violated any of the provisions of a license issued under this subsection, or has violated any of the provisions of any regulation, order, or requirement under section 2 or section 202 (b), or any of the provisions of any price schedule effective in accordance with the provisions of section 206, which is applicable to such person, a warning notice shall be sent by registered mail to such person.   If the Administrator has reason to believe that such person has again violated any of the provisions of such license, regulation, order, price schedule, or

---

[1] "(1) Whenever in the judgment of the Administrator such action is necessary or proper in order to effectuate the purposes of this Act and to assure compliance with and provide for the effective enforcement of any regulation or order issued or which may be issued under section 2, or of any price schedule effective in accordance with the provisions of section 206, he may by regulation or order issue to or require of any person or persons subject to any regulation or order issued under section 2, or subject to any such price schedule, a license as a condition of selling any commodity or commodities with respect to which such regulation, order, or price schedule is applicable. It shall not be necessary for the Administrator to issue a separate license for each commodity or for each regulation, order, or price schedule with respect to which a license is required. . . ."

requirement after receipt of such warning notice, the Administrator may petition any State or Territorial court of competent jurisdiction, or a district court subject to the limitations hereinafter provided,[1] for an order suspending the license of such person for any period of not more than twelve months.  If any such court finds that such person has violated any of the provisions of such license, regulation, order, price schedule, or requirement after the receipt of the warning notice, such court shall issue an order suspending the license . . .."[2]

The proceeding, which was dated May 14, 1945, contains the following allegations: On October 1, 1943, the defendant, a retail dealer, was licensed to sell meats, poultry, and turkey, maximum prices for which were established by regulations effective respectively May 17, 1943, March 1 to 30, 1945, and August 5, 1943.  The defendant having in the judgment of the plaintiff violated the maximum price regulations for meat, the plaintiff sent a warning notice which the defendant received on July 13, 1944.  The defendant again violated the provisions of his license after the receipt of the warning notice by selling meat, poultry, or turkey on twenty enumerated occasions between November 10, 1944, and May 12, 1945, at prices in excess of the established maximum prices.

We pass by the question whether the administrator could delegate to a "regional administrator" the right to exercise judgment as to whether a person had committed any violation under § 205 (f).[3]  We further assume, but in no way decide, that by virtue of the price control extension act of

---

[1] ". . . proceedings for the suspension of a license may be brought in a district court if the licensee is doing business in more than one State, or if his gross sales exceed $100,000 per annum."

[2] The price control extension act of 1946 (Act of July 25, 1946) amends the last sentence by adding, "if the defendant proves that the violation in question was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation, then in that event no suspension shall be ordered or directed."

[3] A copy of the notice annexed to the petition reveals that it was signed "Eldon C. Shoup, Regional Administrator," and stated, "Notice is hereby given that, in the judgment of the undersigned, Regional Administrator . . . of the Office of Price Administration, you have violated . . . the provisions of the license granted you . . .."

1946 (Act of July 25, 1946)[1] the present proceedings are unaffected by the expiration according to its terms of the price control act of 1942 (as amended) on June 30, 1946.[2]

A decisive question presented is whether the Superior Court has jurisdiction to suspend licenses issued by order of the administrator under § 205 (f) (1) of the emergency price control act of 1942. Any power to entertain this type of case must have been conferred by this Commonwealth, which created that court, and not by Congress. *Anglo-American Provision Co.* v. *Davis Provision Co. No. 1*, 191 U. S. 373, 374. *Minneapolis & St. Louis Railroad* v. *Bombolis*, 241 U. S. 211, 221. Am. Law Inst. Restatement: Conflict of Laws, §§ 586, 608. Beale, Conflict of Laws, §§ 586.1, 608.1. See *Martin* v. *Hunter's Lessee*, 1 Wheat. 304, 330–331. See also *Stephens, petitioner*, 4 Gray, 559, 562; *County of Hampden* v. *Morris*, 207 Mass. 167, 169; *Keegan* v. *Director General of Railroads*, 243 Mass. 96, 99; *Schaffer* v. *Leimberg*, 318 Mass. 396, 404. If the Superior Court has had conferred upon it a jurisdiction "competent to decide rights of the like character and class" (see *Claflin* v. *Houseman*, 93 U. S. 130, 137), it should exercise that jurisdiction, although the foundation of the proceedings is a Federal statute. *Schaffer* v. *Leimberg*, 318 Mass. 396. *Glover* v. *Mitchell*, 319 Mass. 1. *Fleetham* v. *Winter Hill Liquor Store, Inc.* 319 Mass. 29. *Second Employers' Liability Cases*, 223 U. S. 1, 58–59. *Minneapolis & St. Louis Railroad* v. *Bombolis*, 241 U. S. 211, 222–223. *Herb* v. *Pitcairn*, 324 U. S. 117, 120. If, however, the Superior Court has not

---

[1] ". . . section 1 (b) of the Emergency Price Control Act of 1942, as amended, is amended by striking out 'June 30, 1946' and substituting 'June 30, 1947.'" "Sec. 18. (1) The provisions of this Act shall take effect as of June 30, 1946, and (2) all regulations, orders, price schedules, and requirements under the Emergency Price Control Act of 1942, as amended (except regulations or requirements under section 2 (e) thereof relating to meat, flour, or coffee), and the Stabilization Act of 1942, as amended, which were in effect on June 30, 1946, shall be in effect in the same manner and to the same extent as if this Act had been enacted on June 30, 1946, and (3) any proceeding, petition, application, or protest which was pending under the Emergency Price Control Act of 1942, as amended, or the Stabilization Act of 1942, as amended, on June 30, 1946, shall be proceeded with and shall be effective in the same manner and to the same extent as if this Act had been enacted on June 30, 1946 . . . ."

[2] Section 1 (b) as amended by Act of June 30, 1945, c. 214, § 1, 59 U. S. Sts. at Large, 306, U. S. C. (1940 ed.) Sup. V, Title 50, Appendix, § 901.

been endowed with such jurisdiction by the Legislature, that is an end of the matter. *Zuest* v. *Ingra*, 134 N. J. L. 15. *Hopkins* v. *Barnhardt*, 223 N. C. 617. See *Douglas* v. *New York, New Haven & Hartford Railroad*, 279 U. S. 377; *McKnett* v. *St. Louis & San Francisco Railway*, 292 U. S. 230.

We quote from the pertinent statutes. "The supreme judicial and superior courts shall have original and concurrent jurisdiction in equity of all cases and matters of equity cognizable under the general principles of equity jurisprudence and, with reference thereto, shall be courts of general equity jurisdiction . . . ." G. L. (Ter. Ed.) c. 214, § 1, as appearing in St. 1935, c. 407, § 2. "The superior court shall have original jurisdiction, concurrently with the supreme judicial court . . . of all cases and matters of equity of which the supreme judicial court has had exclusive original jurisdiction under section two of chapter two hundred and fourteen or otherwise" with certain immaterial exceptions. G. L. (Ter. Ed.) c. 213, § 1A, as appearing in St. 1941, c. 28. "The supreme judicial court shall have original and exclusive jurisdiction in equity of all cases and matters of equity cognizable under any statute and not within the jurisdiction conferred by . . . [§ 1], unless a different provision is made; and the superior court shall have like original and exclusive, or like original and concurrent, jurisdiction only if the statute so provides." G. L. (Ter. Ed.) c. 214, § 2. See *South Essex Sewerage Board* v. *Carr Leather Co.* 286 Mass. 191.

The Superior Court, accordingly, has jurisdiction in "cases and matters of equity" which are either (1) "cognizable under the general principles of equity jurisprudence" or (2) "cognizable under any statute" of the Commonwealth. The present case clearly does not fall within the second class. The question remains whether it falls within the first class.

Under § 205 (f) (2) of the emergency price control act of 1942 the court must first find that there has been a violation of a "license, regulation, order, price schedule, or requirement." Notwithstanding such a finding, under the amendment of that section contained in the price control

extension act of 1946, passed since the commencement of these proceedings, "if the defendant proves that the violation . . . was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation," no suspension shall be ordered. But if the defendant is unsuccessful in both respects, the court "shall issue an order suspending the license."

An examination of the decisions of this court discloses no case where the kind of order which is the object of the case at bar has been sought, much less entered, in the Superior Court. There are numerous cases of a review of the action of an administrative board or officer in suspending or revoking licenses or permits. See, for example, *Burgess* v. *Mayor & Aldermen of Brockton*, 235 Mass. 95; *General Baking Co.* v. *Street Commissioners of Boston*, 242 Mass. 194; *Brett* v. *Building Commissioner of Brookline*, 250 Mass. 73; *Marcus* v. *Commissioner of Public Safety*, 255 Mass. 5; *Rafferty* v. *Police Commissioner of Boston*, 259 Mass. 145; *Morley* v. *Police Commissioner of Boston*, 261 Mass. 269; *N. V. Handel Industrie Transport Maatschappij* v. *State Fire Marshal*, 305 Mass. 482; *Fallon* v. *Street Commissioners of Boston*, 309 Mass. 244; *Woodbury* v. *Municipal Council of Gloucester*, 318 Mass. 385; *Hersch* v. *Police Commissioner of Boston*, 319 Mass. 428. In all such cases, however, there is no original jurisdiction in the Superior Court to determine the action to be taken, but the remedy is by writ of certiorari to secure merely a judicial review of action already taken. "The general rule is that the function of a writ of certiorari is to correct substantial errors of law committed by a judicial or quasi judicial tribunal which are not otherwise reviewable by a court." *Maher* v. *Commonwealth*, 291 Mass. 343, 345. A writ of certiorari is a proceeding at law and is not equitable in its nature. *Brockton* v. *County Commissioners of Plymouth*, 183 Mass. 42. *Rudnick* v. *Murphy*, 213 Mass. 470, 472. See G. L. (Ter. Ed.) c. 249, § 4, as amended. The suspension of a license granted by an administrative officer under an act of Congress is not part of the general equity jurisdiction of the Superior Court.

We, accordingly, conclude that the case at bar does not fall within either class of cases in which the Superior Court has equity jurisdiction. If it be thought unfortunate that under the act as passed by Congress there is no way to suspend the license of this particular defendant, the consequences of our conclusion are not calamitous. There exist under § 205 other enforcement remedies in the appropriate court: by injunction; by criminal prosecution, with possible fine and imprisonment; and by civil action by a buyer with the possibility of treble damages plus "reasonable attorney's fees and costs as determined by the court."

*Interlocutory decree sustaining*
*demurrer affirmed.*