CHRISTIE CALANTROPIO, petitioner. September 16, 1854. Appeal dismissed. This is a petition in the Superior Court for a writ of habeas corpus. The writ was denied and the petitioner appealed. We assume that there may be an appeal to this court in habeas corpus proceedings under G. L. (Ter. Ed.) c. 231, § 96. See *Adamsky* v. *City Council of New Bedford*, 326 Mass. 706. But the only part of that section which could possibly apply here is the provision permitting an appeal from an "order decisive of the case founded upon matter of law apparent on the record." The appeal here is from the "findings and rulings" of the judge. Even if we treat this as an appeal from an "order decisive of the case" the order is not "founded upon matter of law apparent on the record." All that is contained in the purported record here are the pleadings, requests for rulings, and the findings and rulings of the judge. It is settled that requests, findings and rulings are no part of the "record" as that word is used in § 96. *Harrington* v. *Anderson*, 316 Mass. 187, 191–192. *Kane* v. *Registrars of Voters of Fall River*, 328 Mass. 511, 513, and cases cited. It follows that the case is not properly here.

*Alfred P. Farese*, for the petitioner.

*Daniel J. Finn*, Assistant Attorney General, for the respondent.

MAURICE DROUGEN vs. RUSSELL P. REDMAN, JUNIOR. November 2, 1954. Exceptions overruled. This action of tort arises out of a collision on June 2, 1949, between an automobile operated by the defendant and an automobile operated by the plaintiff. The plaintiff had a verdict. The defendant concedes that the evidence would warrant a finding that he was negligent. Following the accident the plaintiff underwent several operations in connection with the removal of his gall bladder. The defendant requested on instruction to the effect that there was no causal relation between the accident and the condition of the plaintiff's gall bladder. The judge did not give this request or the substance of it, and the defendant's exception to this refusal presents the only question for decision. There was no error. A duly qualified medical expert called by the plaintiff testified that in his opinion there was "a definite direct relationship between the accident and what happened to the plaintiff's gall bladder," and gave his reasons for this conclusion. There was medical testimony to the contrary on behalf of the defendant. The question of causal relationship was one of fact and the judge properly left it to the jury.

*Frank P. Ryan*, for the defendant.

*Seymour Weinstein*, for the plaintiff.