JOHN J. MCCORMACK *vs.* MUNICIPAL COURT OF BROOKLINE. January 2, 1969. This petition for a writ of certiorari seeks to quash a decision of a District Court judge affirming a decision of the Civil Service Commission. The petitioner, employed by the town of Brookline, had been ordered discharged by the appointing authority after hearing, and had appealed to the Commission which modified the discharge to a six months' suspension under G. L. c. 31, § 43 (b). The respondent's demurrer was sustained by the Superior Court and the petitioner excepted. There was no error. The chief contention of the petitioner is that the District Court judge erred in reviewing the transcript of the evidence before the Commission and in not taking evidence himself. However, it was entirely proper for the District Court judge to proceed as he did. " 'Review' indicates 'a re-examination of a proceeding, already concluded, for the purpose of preventing a result which appears not to be based upon the exercise of an unbiased and reasonable judgment. . . . ' " *Sullivan* v. *Municipal Court of the Roxbury Dist.* 322 Mass. 566, 573. The hearing before the Commission was de novo. *Sullivan* v. *Municipal Court of the Roxbury Dist., supra*, at p. 572. *Luacaw* v. *Fire Commr. of Boston*, 350 Mass. 326, 330. There was no occasion, as argued by the petitioner, for the District Court judge to examine evidence taken by the appointing authority.

*Exceptions overruled.*
*Petition dismissed.*

*Harold Katz*, for the petitioner, submitted a brief.
*Edward W. Hanley, III*, Deputy Assistant Attorney General, for the respondent (*Herbert Abrams & Phillip Cowin*, Town Counsel, for the Commissioner of Public Works of Brookline, an intervener, with him).


ETHEL W. SHERMAN *vs.* BOARD OF SELECTMEN OF ORLEANS. January 6, 1969. This is an appeal from a judgment in the Superior Court denying a petition for a writ of certiorari to review action of the board of selectmen (board). The petitioner filed an application for a license to keep, store and sell gasoline and other flammables and explosives upon a certain parcel of land owned by her. After a hearing the board denied the application. The judge in his order for judgment stated that "[t]he petitioner agrees in open Court that the . . . [board has] complied with G. L. c. 148, § 13, except as follows: . . [it] considered matters other than the danger of fire and explosion, and matters relating to whether a public or private nuisance may be created." There is no essential dispute on the facts. Basically, the petitioner urges us to overrule the rule of law established in a number of cases beginning with *St. James Bldg. Corp.* v. *Commissioner of Pub. Safety*, 260 Mass. 548. This we decline to do.

*Judgment affirmed.*

*William C. Jankowski* for the petitioner.
*Roger P. Stokey* for the respondent.