LYMAN M. CHASE *vs.* BOARD OF SELECTMEN OF LITTLETON.

Middlesex. March 20, 1974. — April 10, 1974.

Present: ROSE, GOODMAN, & GRANT, JJ.

*License. Gasoline. Fire Prevention. Certiorari.*

The selectmen of a town as the local licensing authority could not properly have granted a license under G. L. c. 148, § 13, for the storage and sale of gasoline and other products where the application for the license did not, as required by § 13, "have endorsed thereon the certificate of approval or disapproval of the head of the fire department." [160-161]

PETITION for a writ of certiorari filed in the Superior Court on October 5, 1971.

The case was heard by *Moynihan,* J.

*Charles P. Lessa (James L. Haley* with him) for the petitioner.

*Frederic N. Halstrom* for the respondent.

GRANT, J. The petitioner has appealed (G. L. c. 213, § 1D, as amended through St. 1957, c. 155; G. L. c. 211A, § 10[c], inserted by St. 1972, c. 740, § 1) from an order of the Superior Court for judgment dismissing his petition for a writ of certiorari brought to quash a decision of the board of selectmen of the town of Littleton (board) denying his application under G. L. c. 148, § 13 (as most recently amended by St. 1959, c. 353, § 1) for a license for the storage and sale of gasoline and other products, and for an order requiring the board to issue such a license to him (G. L. c. 249, § 4, as amended through St. 1963, c. 661, § 1). The case is here on the petition, the return (see *Davidson* v. *Selectmen of Duxbury,* 358 Mass. 64, 66 [1970]) and answer of the board, and "findings" by the trial judge which go no further than to summarize certain of the evidence appearing in the return.

We hold that the board could not properly have granted the application which was before it in this case because of the failure of the application to "have endorsed thereon the certificate of approval or disapproval of the head of the fire department," as required by G. L. c. 148, § 13, as amended.[1]

Although the discretionary power which § 13 entrusts to a "local licensing authority" to issue or withhold licenses extends beyond the mere question of fire risk and involves other considerations affecting the public interests (*Scudder* v. *Selectmen of Sandwich,* 309 Mass. 373, 376 [1941]; *Kidder* v. *City Council of Brockton,* 329 Mass. 288, 290-291 [1952]; *Johnson Prod. Inc.* v. *City Council of Medford,* 353 Mass. 540, 543 [1968], app. dism. and cert. den. 392 U. S. 296 [1968]; *Davidson* v. *Selectmen of Duxbury,* 358 Mass. 64, 65-66 [1970]), we cannot overlook the fact that the primary function of the license required by § 13 is the supervision and regulation of a business or land use which, without proper supervision and regulation, might become a menace to public safety by reason of the hazards of fire and explosion. *Saxe* v. *Street Commrs. of Boston,* 307 Mass. 495, 498, 499 (1940). *Higgins* v. *License Commrs. of Quincy,* 308 Mass. 142, 144 (1941). *Fallon* v. *Street Commrs. of Boston,* 309 Mass. 244, 246 (1941). Nor can we overlook the fact that § 13 is found in and is distinctly related to other sections of a chapter of the General Laws (c. 148) which is entitled "Fire Prevention." See *Frontier*

---

[1] "No building or other structure shall . . . be used for the keeping, storage, manufacture or sale of any of the articles named in section nine, unless the local licensing authority shall have granted a license to use the land on which such building or other structure is or is to be situated for the aforementioned uses, after a public hearing . . . and unless the application for such license shall have endorsed thereon the certificate of approval or disapproval of the head of the fire department. . . ." The "articles named in section nine" include "crude petroleum or any of its products." The "local licensing authority" and the "head of the fire department" are both defined in G. L. c. 148, § 1. The former is the board; we do not know the identity of the latter.

*Research Inc.* v. *Commissioner of Pub. Safety,* 351 Mass.
616, 619-620 (1967); *I. Baron & Sons, Inc.* v. *Eastern
Storage Industrial Park Corp.,* 355 Mass. 245, 252-253
(1969).

Numerous other sections of c. 148 confer extensive
powers and duties on the "head of the fire department,"
who is referred to in § 13, with respect to fire prevention,
the issuance of permits, and the conduct of investigations
as to the causes of and the conditions likely to cause fires.
See §§ 2, 4, 5, 10A, 23, 24, 27A, 28, 29, 30, 33 and 50.
See, generally, *Chief of the Fire Dept. of Boston* v.
*Sutherland Apartments, Inc.* 346 Mass. 685 (1964). For
these reasons, we believe that it was the intention of the
Legislature that the "local licensing authority" should not
grant an application for a license under § 13 unless or
until it should have before it the "certificate of approval
or disapproval of the head of the fire department." The
importance of the contents of that certificate, and indeed
of the whole question of danger from fire and explosion,
is emphasized by the last paragraph of § 13, which
provides for an appeal by "[a]ny person aggrieved by the
granting of a license hereunder on the ground that the
exercise thereof would constitute a fire or explosion
hazard" to the State Fire Marshal "who, after notice and
hearing, shall finally determine whether such a hazard
would result" and who is to reverse the action of the
authority granting the license "[i]f, in his opinion, such a
hazard would result." See *Colantuoni* v. *Selectmen of
Belmont,* 326 Mass. 778, 780 (1951).

We recognize that we have decided this case on a
ground different from any which has been argued by the
parties and, perhaps, different from one which may have
been relied on by the board.[2] However, we cannot close
our eyes to the imperative of the statute, and we are
clear that it is not our function to exercise our judgment
on the existence or not of the hazards of fire or explo-

---

[2] The board did not state any reason for its denial. See *Bennett* v.
*Aldermen of Chelsea,* 361 Mass. 802, 807 (1972), and cases cited.

sion.  See *Bennett* v. *Aldermen of Chelsea,* 361 Mass. 802, 806-807 (1972), and cases cited.  Our decision will not stand in the way of the filing and processing of a new and proper application.  *Albano* v. *Selectmen of South Hadley,* 341 Mass. 494, 496 (1960).  *Bennett* v. *Aldermen of Chelsea,* 361 Mass. 802, 808 (1972).

> *Order for judgment dismissing petition affirmed.*