Milton *v.* Attorney General.

TOWN OF MILTON *vs.* ATTORNEY GENERAL.

Suffolk.    May 4, 1977. — June 6, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Municipal Corporations,* By-laws and ordinances. *Fire Prevention. Gasoline Stations,* Self-service.

A town by-law prohibiting self-service gasoline stations was not inconsistent with a State regulation permitting such stations. [694-696]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on August 30, 1976.

The case was reserved and reported by *Quirico,* J.

*Robert D. O'Leary,* Town Counsel, for the town of Milton.

*Steven A. Rusconi,* Assistant Attorney General, for the Attorney General.

BRAUCHER, J.   The 1976 annual town meeting in Milton (town) voted to add to the town by-laws a new § 36,[1] restricting the pumping of gasoline at retail filling stations to attendants employed by the station. The Attorney General disapproved the by-law because it would prohibit self-service gas stations, contrary to rule 43 of the Rules and Regulations (Form FPR-4) filed by the Board of Fire Prevention Regulations (board) on May 1, 1975,[2] permit-

---

[1] "SECTION 36 — No person owning or operating a gasoline filling station shall allow the pumping of gasoline for retail sale without an attendant employed by the station present to hold the gas nozzle while gasoline is being pumped into the tank of the vehicle . . . ."

[2] "Rule 43. The dispensing of gasoline by means of self service automated gasoline dispensing systems shall be permitted provided that the applicant for such a system has submitted complete plans and specifications of the proposed installation to the Marshal and obtained approval of same and further provided:
    . . . .
"(b) that said gasoline shall be dispensed only by a competent licensed motor vehicle operator or by the station attendant."

ting self-service automated gasoline dispensing systems. We hold that under G. L. c. 148, § 9, the town could make and enforce by-laws "not inconsistent" with form FPR-4, that the by-law in question is not inconsistent with rule 43, and that the Attorney General erred in disapproving the by-law under G. L. c. 40, § 32. See *Reading* v. *Attorney Gen.*, 362 Mass. 266, 268-271 (1972).

The complaint was filed in the Supreme Judicial Court for the county of Suffolk on August 30, 1976, and the case was reported to the full court by a single justice on the complaint and answer, form FPR-4, and the parties' motions for summary judgment. Under G. L. c. 148, § 9, as amended through St. 1975, c. 764, the board is to "make rules and regulations for the keeping, storage, use, ... [and] sale ... of ... crude petroleum or any of its products .... Cities and towns may also make and enforce ordinances and by-laws, not inconsistent with said rules and regulations, relative to the subject matter of this section. Each city or town shall submit a copy of each such ordinance or by-law to the board within ten days after the passage thereof."

Form FPR-4 was promulgated under that authority. The plaintiff hints in argument that the rule may be unreasonable and invalid, but no such issue is fairly raised. Nor is any point made as to the submission of a copy of the by-law to the board. We think the standard for determining inconsistency between the by-law and the rule is the same as that for determining inconsistency between a by-law and a statute. *John Donnelly & Sons* v. *Outdoor Advertising Bd.*, 369 Mass. 206, 209-215 (1975). *New England LNG Co.* v. *Fall River*, 368 Mass. 259, 267 (1975).

Rule 43 provides that self-service gas stations "shall be permitted" on stated conditions. The by-law in issue forbids self-service at gas stations. Superficially, therefore, the by-law forbids what rule 43 permits, and is inconsistent with rule 43. See *Boston Police Patrolmen's Ass'n* v. *Boston*, 367 Mass. 368, 373 (1975). The Attorney General concedes, however, that rule 43 does not sweep so broadly as the literal meaning of its words. He concedes,

for example, that a zoning by-law could exclude self-service gas stations in a particular zone or throughout the town. The authorizing statute by its terms makes it clear that it does not so broadly encompass the field of fire prevention as to indicate a clear intention to preempt the matter as an area of complete State concern. *Revere* v. *Aucella,* 369 Mass. 138, 145 (1975), appeal dismissed sub nom. *Charger Invs. Inc.* v. *Corbett,* 429 U.S. 877 (1976). Nor is form FPR-4, read as a whole, so broadly encompassing.

We must therefore fall back on the general standard for determining inconsistency laid down in *Bloom* v. *Worcester,* 363 Mass. 136, 156 (1973): whether "the State legislative purpose can be achieved in the face of a local ordinance or by-law on the same subject." In the opinion of a majority of the court, the State purpose here is to assure the safety of self-service gas stations, if there are any, rather than to encourage the opening of such stations. The by-law in no way derogates from safety. It follows that it is "not inconsistent" with the State regulation.

The Attorney General also argues that the by-law prevents the delivery of gasoline to a motor vehicle by an "owner-operator" of a gas station, and that this conflicts with rule 42 of form FPR-4, forbidding delivery "except by the owner-operator or a duly authorized employee." The plaintiff takes the position that the by-law is not inconsistent with rule 42, and we agree. When the by-law is read in the light of its purpose, a self-employed owner-operator may properly be treated as "an attendant employed by the station."

The case is remanded to the single justice for the entry of a judgment quashing the decision of the Attorney General and declaring that the by-law was lawfully adopted by the town.

*So ordered.*