E.A.D. REALTY CORPORATION *vs.* BOARD OF SELECTMEN OF SHREWS-BURY. January 11, 1978. 1. In its first aspect the complaint in this matter seeks a declaratory judgment to the effect that a building which the plaintiff proposes to construct on North Quinsigamond Avenue in Shrewsbury would not be subject to G. L. c. 148, § 13 (as most recently amended by St. 1959, c. 353, § 1), which provides in relevant part that "[n]o building or other structure shall ... be used for the keeping ... of ... [gasoline] unless the local licensing authority shall have granted a license to use the land on which such building or other structure is or is to be situated for the aforementioned [use]." From the evidence properly before the judge (which both briefs treat as true) it appears that the proposed building would house a business (a "Midas Muffler Shop") engaged in the removal and replacement of automobile mufflers, pipes, shock absorbers and brakes. There would be no fixed tanks for the storage of gasoline in the building or in or on its associated premises, and the only gasoline in the building would be that found in the tanks of automobiles which would enter the building for some form of service work. During the course of a normal ten-hour business day (Monday through Friday) as many as eighteen different automobiles would be serviced in some fashion in six separate working bays; that number would probably be somewhat smaller on Saturdays, when the business day would be only seven hours long; automobiles would seldom be left overnight. With certain exceptions not here material, G. L. c. 148, § 14 (as appearing in St. 1938, c. 103), is explicit on the point that "[g]asoline ... shall, when in any motor vehicle

which is in a building or other structure, be deemed to be kept in such building or other structure within the meaning of" § 13. "[T]he primary function of the license required by § 13 is the supervision and regulation of a business or land use which, without proper supervision and regulation, might become a menace to public safety by reason of the hazards of fire and explosion." *Chase* v. *Selectmen of Littleton*, 2 Mass. App. Ct. 159, 160 (1974). In the present case that menace would exist whenever a number of automobiles with gasoline in their tanks might be in the building, and there is no basis for concluding that §§ 13 and 14 should have no application on the ground that the presence of such gasoline would be only "casual or temporary." See *Newton* v. *Reiss Associates,* 331 Mass. 114, 117 (1954). 2. Nor can the plaintiff derive any solace from the provision found in the second paragraph of § 13 that the Board of Fire Prevention Regulations (G. L. c. 148, § 1) "may by regulation prescribe the amount of . . . [gasoline] that may be kept in a building or other structure without a license." The only regulation the plaintiff has brought to our attention (FPR-13, filed May 22, 1975) seems to provide (but we do not decide) that as much as 165 gallons of gasoline may be kept without a license under § 13, "provided a permit has been obtained therefor . . . from the head of the fire department as provided by Sections 10A and 23 of Chapter 148 of the General Laws." The principal difficulty with this argument is that on the present record the plaintiff has no permit of the type referred to in the regulation. 3. The second aspect of the complaint is an action in the nature of certiorari (see *Boston Edison Co.* v. *Selectmen of Concord,* 355 Mass. 79, 83-87 [1968]; *Stetson* v. *Selectmen of Carlisle,* 369 Mass. 755, 757, 758 [1976]; *Assessors of Saugus* v. *Baumann,* 370 Mass. 36, 37 [1976]) challenging the decision of the selectmen to deny the plaintiff's appication under the aforementioned § 13 with respect to the same proposed building. The complaint raises no question as to the sufficiency of the evidence before the selectmen to warrant their decision (see *Hershkoff* v. *Registrars of Voters of Worcester,* 366 Mass. 570, 574 [1974]; *Boston Edison Co.* v. *Boston Redevelopment Authy.,* 374 Mass. 37, 46–49 [1977]; *Fairbairn* v. *Planning Bd. of Barnstable,* 5 Mass. App. Ct. 171, 181 n.5 [1977]), and the only thing properly before us (see *Kidder* v. *City Council of Brockton,* 329 Mass. 288, 289 [1952]; *Bennett* v. *Aldermen of Chelsea,* 361 Mass. 802, 807 [1972]) is a copy of a letter by which the selectmen advised the plaintiff that its application had been denied and of the "points which they [had] considered in denying" the application, including "factors of noise, traffic, the adjacent residential areas and the general effect which a muffler shop could have on the neighborhood." There is no longer any room for doubt that such factors may properly form the basis of a board of selectmen's or a city council's decision to deny an application under § 13. *Kidder* v. *City Council of Brockton,* 329 Mass. at. 290-291. *Johnson Prod., Inc.* v. *City Council of Medford,* 353 Mass. 540, 543, appeal dismissed and cert. denied, 392 U.S. 296 (1968). *Sherman* v. *Selectmen of Orleans,* 355 Mass. 786 (1969). *Davidson* v. *Selectmen of Duxbury,* 358 Mass. 64, 65-66 (1970). *Chase* v. *Selectmen of Littleton,* 2 Mass. App. Ct. at 160. See also *St. James Bldg. Corp.* v. *Commissioner of Pub. Safety,* 260 Mass. 548, 551-553, 555 (1927). 4. The judge's ruling to the contrary notwithstanding, the selectmen were not bound by the earlier decision of the board of appeals (subsequently upheld by the Superior Court) granting the plaintiff variances and a special permit to construct the same building. *Davidson* v. *Selectmen of Duxbury,* 358

Mass. at 66-68. See also *Building Inspector of Lancaster* v. *Sanderson,* 372 Mass. 157, 167 (1977). Nor can it be said on this record (which does not include the evidence before the selectmen) that the refusal to be bound by the decision of the board of appeals was arbitrary, whimsical or capricious. See *Scudder* v. *Selectmen of Sandwich,* 309 Mass. 373, 375, 376 (1941); *Kidder* v. *City Council of Brockton,* 329 Mass. at 289. The judgment is reversed; a new judgment is to be entered which (a) declares that the proposed use of the plaintiff's premises must be licensed under G. L. c. 148, § 13, unless excused by some applicable regulation of the Board of Fire Prevention Regulations and (b) dismisses so much of the complaint as challenges the denial of the plaintiff's application under § 13.

*So ordered.*

The case was submitted on briefs.
*Guy B. D'Alessandro* for the defendant.
*John F. Keenan* for the plaintiff.