MICHAEL RAUSEO & others[1] *vs.* CITY OF EVERETT & others.[2] No. 91-P-1263. May 19, 1993. *License. Municipal Corporations*, By-laws and ordinances. *Real Property*, License. *Everett*.

In its first aspect the complaint in this matter seeks a declaratory judgment to the effect that buildings in which the plaintiff, Michael Rauseo, operated an automobile repair business, at 55R Ashton Street, having the benefit of a license issued under G. L. c. 148, § 13, which became a vested property right, would not be subject to an ordinance of the city of Everett, c. 7, § 28A, which provides in relevant part that "[i]t shall be unlawful for any person to maintain and use a building or structure for a repair shop or body shop for automobiles . . . unless such person has first obtained a license for such purpose from the [b]oard of [a]ldermen." The licenses were not renewed by the board of aldermen and a judge of the Superior Court ruled that the plaintiffs were entitled to renewal of the licenses under the ordinance. The defendants appeal and we affirm.

From the undisputed evidence properly before the judge (which both briefs treat as true) it appears that, prior to 1964, the year the ordinance was adopted, a series of licenses for the keeping of inflammable materials and for the storage of automobiles whose fuel tanks contained gasoline (see G. L. c. 148, § 14) were issued to Rauseo pursuant to G. L. c. 148, § 13, and annually renewed without interruption. Rauseo and his brother ran successful auto body and auto repair shops in buildings on contiguous lots from 1926 to 1989.

Sometime in 1989, Rauseo leased the premises to the plaintiffs, Donnelly and Christie, who separately proposed to operate the businesses in the same licensed premises. See *Saxe* v. *Street Commrs. of Boston*, 307 Mass. 495 (1940) (the license is a mere personal privilege until by its exercise it becomes a grant attached to the land). On August 3, 1990, and again on September 24, the board of aldermen of Everett (board) (the city's licensing body for this purpose, see the definition of "local licensing authority" in G. L. c. 148, § 1, as appearing in St. 1953, c. 230, § 1) refused to grant Donnelly and Christie licenses under the 1964 ordinance. It does not appear from the record that the plaintiffs were afforded an opportunity to be heard prior to the board's determination. Much was made of the report of the board's environmental committee that an unspecified environmental hazard existed and that neighbors were concerned with traffic problems, noise, and pollution. An order from the board for the plaintiffs to cease and desist operations followed.

On October 10, 1991, the plaintiffs filed this action and a Superior Court judge preliminarily enjoined the board from enforcing the order. The principal contention made by the board is that the licensing requirements of the ordinance are to be read as distinct from those contained in

---

[1]James Donnelly and Ronald Christie.

[2]The board of aldermen, the building inspector, and the city clerk of Everett.

G. L. c. 148, §§ 13, 14, and that the plaintiffs Donnelly and Christie could not continue to garage vehicles in the premises without renewing the licenses in their own names as required by the ordinance. The ordinance tracked the statutory requirements of G. L. c. 148, §§ 13, 14, under which the original licenses were granted and simply added detail to the general statutory scheme. The ordinance imposed no new obligations concerning the storage of vehicles. See *Cohen* v. *Water Commrs., Fire Dist. No. 1, S. Hadley*, 411 Mass. 744, 749 (1992). Both are fully capable of being read together in the furtherance of a common purpose. *Bloom* v. *Worcester*, 363 Mass. 136, 156 (1973). *Yetman* v. *Cambridge*, 7 Mass. App. Ct. 700, 702 (1979).

Furthermore, § 28A of the ordinance stated that "[a]ny *person* maintaining and using a building or structure as a repair shop or body shop for automobiles, trucks, motorcycles or other motor driven vehicles, as of the date of the approval of this ordinance shall have the right to continue such use upon the payment of the . . . fee" (emphasis supplied). There is no question that Donnelly and Christie tendered the fee and their operations, having been maintained by the plaintiff Rauseo prior to the date of the approval of the ordinance, were grandfathered by this provision.

Underlying the board's push to characterize the requirements of the ordinance as distinct from the statutory scheme is their mistaken perception that G. L. c. 148, § 13, entrusts to a "local licensing authority" the discretionary power to compel the plaintiffs to reacquire rights already vested in them. The board had no authority to refuse what amounted to a renewal of the licenses previously issued to Rauseo which ran with the land. When issued it "becomes a vested property right of the licensee, and may be revoked only when due process protections are complied with." *Derby Ref. Co.* v. *Aldermen of Chelsea*, 407 Mass. 718, 722 (1990). A license may not be revoked arbitrarily. There must be a cause sufficient in law presented by the board at a hearing attended by the licensee. See *White Fuel Corp.* v. *Street Commrs. of Boston*, 289 Mass. 337 (1935); *Higgins* v. *License Commrs. of Quincy*, 308 Mass. 142 (1941).

We need not decide whether the licenses may never be subject to restrictions or conditions imposed by the board — a dubious proposition argued by the plaintiffs — because that possibility was foreclosed by the board's summary decision to terminate the licenses without a hearing. We note, however, that "[t]he right of a licensee to enjoy the privileges inferred by a license is subordinate to the power inherent in the licensing authority to terminate privileges whenever there is cause sufficient in law for the revocation of the license." See Randall & Franklin, Municipal Law and Practice § 501, at 675 n.7 (1993). But as matters stand here, the "for cause" revocation provision of G. L. c. 148, § 13, seventh par. (1990 ed.), may be invoked only at such time as the board determines that the plaintiffs are in breach of an express condition of their licenses (none are presently imposed) or are operating in a manner which creates a risk to the public of

fire or explosion. See *Derby Ref. Co.* v. *Aldermen of Chelsea, supra*; *E.A.D. Realty Corp.* v. *Selectmen of Shrewsbury*, 6 Mass. App. Ct. 826 (1978).

*Judgment affirmed.*

*John F. Kryzovic*, City Solicitor, for the defendants.
*Andrew R. Puglia* for the plaintiffs.