Hely, J.
This is an action for certiorari under G.L.c. 249, §4. Mobil applied to the Commission for an amendment to its gasoline storage license for its gasoline station at 2615 Massachusetts Avenue, Cambridge, at the corner of Alewife Brook Parkway. The requested amendment would permit Mobil to convert one of its dispensing islands to self-service. The station has four dispensing islands, and Mobil’s existing license authorized it to operate two of the four islands as self-service islands. The Commission denied Mobil’s application.
The standard of review in this certiorari action is whether the Commission’s decision was arbitrary and capricious. Forsyth School for Dental Hygienists v. Board of Registration in Dentistry, 404 Mass. 211, 217 (1982); V.S.H. Realty, Inc. v. License Board of Worcester, 13 Mass.App.Ct. 586 (1982). The Board’s decision was not arbitrary and capricious. The record demonstrates a number of reasons that would support the Board’s decision.
Mobil’s station is located at a very busy urban intersection in a densely populated neighborhood. The administrative record includes a letter from one condominium resident who states that the proposed self-service island is barely 50 feet from his bedroom window. The Commission could rationally conclude that increasing the number of self-service islands would increase the number of vehicles passing through the station each day, increase the number of fueling transactions, and increase the number of customers handling the fuel pumps in comparison to service employees. The Commission could rationally conclude that this would increase the release of gasoline vapors into the atmosphere and increase the number of spills on the ground.
Traffic might flow more smoothly through a self-service island if it is assumed that the number of vehicles remains constant. The Commission could conclude, however that the availability of an additional self-service island would increase the number of vehicles serviced and thereby increase the traffic, noise, and risk of accidents in the neighborhood.
The local board “may consider and decide the broad questions of how a proposed facility will affect its particular community.” V.S.H. Realty, supra, 13 Mass.App.Ct. at 588. The authority of the State Fire Marshall is not “a preemption of the area by the State.” Id. at 589. It is apparent from the record that the Commission took “broad local concerns into consideration” as well as the plans for the facility. Id.
The Court has considered paragraphs 1 through 6 of the affidavit of Joseph A. O’Keefe, the former State Fire Marshall, because these paragraphs explain the actions that he took prior to the Commission’s decision in this case.
The Commission’s motion to strike the O’Keefe affidavit is allowed with respect to paragraphs 7 through 14. Alternatively, assuming arguendo that paragraphs 7 through 14 are properly before the Court, they represent nothing more than the opinion of a qualified expert on the issues that were before the Commission. The local board was still in the best position to assess “the broad questions of how a proposed facility will affect its particular community.” V.S.H. Realty, supra, 13 Mass.App.Ct. at 588. As stated earlier, the Board had ample evidence before it to support the denial of the application, and the conflicting opinions of Mr. O’Keefe do not render the Board’s decision arbitraiy and capricious.
Even if the substantial evidence test were applied to the Commission’s decision, the record demonstrates that the decision was supported by substantial evidence. See Mayor of Revere v. Civil Service Commission, 31 Mass.App.Ct. 315, 322 (1991).
At the hearing on the motions for summary judgment, Mobil waived Prayer (3) of its complaint seeking monetary damages. Even if Mobil had not waived this claim, on the facts of this case there is no merit to the monetary damages claim.
ORDER
The defendants’ motion for summary judgment is allowed. The plaintiffs motion for summary judgment is denied. A judgment will enter for the defendants dismissing this action.