NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

14-P-1612                                         Appeals Court

    CUMBERLAND FARMS, INC. vs. CITY COUNCIL OF MARLBOROUGH.


                        No. 14-P-1612.

    Middlesex.     May 11, 2015. - October 15, 2015.

        Present:  Cypher, Meade, & Massing, JJ.


Practice, Civil, Relief in the nature of certiorari.  License.
    Municipal Corporations, City council.  Administrative Law,
    Judicial review.



    Civil action commenced in the Superior Court Department on
November 12, 2013.

    The case was heard by Douglas H. Wilkins, J., on a motion
for judgment on the pleadings.


    Carey H. Smith for the plaintiff.
    Cynthia M. Panagore Griffin for the defendant.


    CYPHER, J.  Cumberland Farms, Inc. (Cumberland Farms),

appeals from a judgment of the Superior Court upholding the

denial by the city council of Marlborough (council) of

Cumberland Farms's application for a G. L. c. 148, § 13, fuel

storage license.  Cumberland Farms argues that the judge applied

an incorrect standard of review and that he based his decision on improper factors.

Background. Pursuing a plan for a gasoline station and a convenience store in the city of Marlborough, Cumberland Farms filed with the council applications for a special permit, see G. L. c. 40A, § 9, and for a fuel storage license, see G. L. c. 148, § 13. Two meetings of the council's urban affairs committee were held between June, 2012, and March, 2013, on the special permit application; because the council did not consider the final conditions to the special permit, it issued by constructive grant on March 28, 2013. The urban affairs committee then discussed the fuel storage license application on May 21, 2013, and June 19, 2013, but failed to take action at the latter meeting. On August 2, 2013, Cumberland Farms filed a complaint in the Superior Court seeking injunctive relief to require the council to take action. Before the complaint was considered in that court, the council voted on September 23, 2013, to deny the application for a fuel storage license, without providing any findings or an explanation of its reasoning.

On November 12, 2013, Cumberland Farms filed in Superior Court the within action in the nature of certiorari, see G. L. c. 249, § 4, seeking judicial review of the council's decision. Following a hearing on Cumberland Farms's motion for judgment on

the pleadings, a judge denied Cumberland Farms's motion and affirmed the council's decision.  Judgment entered, and this appeal followed.

Discussion.  Cumberland Farms requests that the judgment be reversed, arguing that the judge erroneously applied the arbitrary and capricious standard of review to the council's denial and that his decision is based on anecdotal evidence and conjecture.

"General Laws c. 148, § 13, . . . does not provide a right of appeal to any court; in the absence of a provision for judicial review of [a licensing authority's] decision, G. L. c. 249, § 4, provides that an aggrieved person may seek relief in a civil action in the nature of certiorari. . . .  We reaffirm that a civil action in the nature of certiorari is the sole relief available to a party aggrieved by a discretionary decision of a local licensing authority."  Bermant v. Selectmen of Belchertown, 425 Mass. 400, 403-404 (1997) (footnote omitted).  Compare Johnson Prods., Inc. v. City Council of Medford, 353 Mass. 540, 545, cert. denied, 392 U.S. 296 (1968).  As such, Cumberland Farms properly sought relief through an action in the nature of certiorari.

Under G. L. c. 249, § 4, the standard of review "may vary according to the nature of the action for which review is sought."  Forsyth Sch. for Dental Hygienists v. Board of

Registration in Dentistry, 404 Mass. 211, 217 (1989).  For example, in Saxon Coffee Shop, Inc. v. Boston Lic. Bd., 380 Mass. 919, 924-925 (1980), the substantial evidence standard of review applied where a revocation proceeding was required by statute and was adjudicatory in nature.  See Receiver of the Boston Hous. Authy. v. Commissioner of Labor & Indus., 396 Mass. 50, 59 (1985).  But in Forsyth Sch. for Dental Hygienists, supra at 217-218, the arbitrary and capricious standard of review applied because the board was free to use its judgment and to exercise administrative discretion.

Here, the judge properly found that the council's proceedings were not adjudicatory in nature.  He correctly noted that G. L. c. 148, § 13, does not "provide narrow and objective criteria for the Council to apply in evaluating applications."  Contrast Caswell v. Licensing Commn. for Brockton, 387 Mass. 864, 878 (1983).  The meeting at which the council voted to deny the application was not an evidentiary proceeding.  The judge stated that council "members expressed concerns over a range of topics including leaks and accidents affecting the nearby reservoir, compensation for affected neighbors, hours of operation, lighting, noise and odors, sidewalks on Walker Street, traffic, use of the station by large diesel trucks, opposition from residents, and competition with existing businesses."  These concerns were recorded in a transcript of

the meeting as opinions of the members, not as factual findings. As such, it is clear that the decision of the council, acting as the licensing authority, was a discretionary action, meriting review only for an arbitrary or capricious decision. See E.A.D. Realty Corp. v. Selectmen of Shrewsbury, 6 Mass. App. Ct. 826, 828 (1978).

The arbitrary and capricious standard of review "requires only that there be a rational basis for the decision." Howe v. Health Facilities Appeals Bd., 20 Mass. App. Ct. 531, 534 (1985). Furthermore, in exercising its wide discretion to issue or withhold licenses, a licensing authority may take into account other factors affecting public interests and welfare. See Scudder v. Selectmen of Sandwich, 309 Mass. 373, 376 (1941); Kidder v. City Council of Brockton, 329 Mass. 288, 290 (1952). "There is no longer any room for doubt that factors [such as noise, traffic, and adjacent residential areas] may properly form the basis of . . . a city council's decision to deny an application under [G. L. c. 148,] § 13." E.A.D. Realty Corp., 6 Mass. App. Ct. at 827. See Hood Indus., Inc. v. City Council of Leominster, 23 Mass. App. Ct. 646, 650 (1987). "Within the area of discretion the power lies in the licensing authority and not in the court." Scudder, supra.[1]

---

[1] The judge, sua sponte, wondered whether "[o]ne might also question a decision [under G. L. c. 148, § 13,] that amounts to

In very similar circumstances, the court in Kidder, 329 Mass. at 290-291, stated:

> "The council may have reasoned that another station would tend to increase traffic at an already burdened intersection; that [vehicles entering and exiting the station] would further interfere with the free flow of traffic; that the risk of accidents to children and others would be increased; that there would be additional noise and odors; and that there was no counterbalancing public demand for another station in this immediate vicinity. These were considerations for the council to weigh . . . . They are not matters for the court to pass upon."

While the council here had no burden to "justify the denial of a license" and had no "duty to state reasons for the denial," Johnson Prods., Inc., 353 Mass. at 543, the judge carefully examined these concerns, as discussed, supra. We conclude that the judge correctly determined that there was a rational basis for the council to exercise its discretion and that the council's decision was not arbitrary or capricious. No error of law or abuse of discretion appears.

Judgment affirmed.

---

regulation of a permitted land use without the protection of the procedures, uniformity requirements, and de novo review provided by G. L. c. 40A, §§ 4, 17." This question was not raised in the present case. Neither party has based any argument on the constructive grant of the special permit, and in any event "[w]e perceive nothing in G. L. c. 148, § 13, as amended, or in c. 40A, which indicates to us that a decision . . . in a zoning matter is binding on the local licensing authority." Davidson v. Selectmen of Duxbury, 358 Mass. 64, 67-68 (1970).